# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

UNITED STATES OF AMERICA                                                  PLAINTIFF

vs.                                          CRIMINAL ACTION NO. 3:13-CR-83-CRS

ANTHONY D. SMITH                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court for consideration of a motion of the defendant, Anthony D. Smith ("Smith"), for compassionate release. DN 513. The United States responded, objecting to the motion. DN 515. The matter is ripe for review.

The World Health Organization declared the novel coronavirus known as COVID-19 a pandemic on March 11, 2020.[1] The President of the United States declared a national emergency on March 13, 2020 and the Governor of the Commonwealth of Kentucky declared a state of emergency even earlier, after the first confirmed case of COVID-19 on March 6, 2020.[2] As of the date of this writing, there are 33,249,563 confirmed cases worldwide and 1,000,040 deaths; in the United States, there are 7,044,327 confirmed cases and 203,620 deaths.[3] Further elaboration concerning the health risks associated with COVID-19, especially for those individuals confined to nursing homes or incarcerated in our jails and prisons, is unnecessary. Suffice it to say that the

---

[1] *See* Tedros Adhanom Ghebreyesus, Director-General, World Health Organization, Opening Remarks at the Media Briefing on COVID-19 (March 11, 2020) (transcript available at https://www.who.int/dg/speeches/detail/who-director-general-s-openingremarks-at-the-media-briefing-on-covid-19--11-march-2020)

[2] *See* President Donald J. Trump's Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak (March 13, 2020), *available at* https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak/; Governor Andy Beshear confirms first case of COVID-19 in the Commonwealth and declares a state of emergency (March 6, 2020), *available at* https://chfs.ky.gov/pages/search.aspx?affiliateId=CHFS&terms=declaration of state of emergency.

[3] *See* Coronavirus Disease (COVID-19) Situation Dashboard, World Health Organization, https://who.sprinklr.com/ (last visited September 29, 2020).

1

Court addresses motions for compassionate release, and Smith's motion in particular here, with the gravity of the situation in mind.

On January 9, 2015, Smith pleaded guilty one count of conspiracy to possess with the intent to distribute cocaine in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A), two counts of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A), and one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). DN 305; DN 330. On April 29, 2015, this Court sentenced Smith to 120 months imprisonment and five years of supervised release. DN 330. He is currently incarcerated at Forrest City Medium FCI in Forrest City, Arkansas. DN 515 at 6.

18 U.S.C. § 3582(c)(1)(A) permits a court to modify a term of imprisonment and grant what is known as "compassionate release" for extraordinary and compelling reasons. Prior to December 2018, motions for compassionate release could only be made by the Director of Prisons. However, the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), amended 18 U.S.C. § 3582(c)(1)(A) to allow defendants to bring such motions on their own behalf "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]"

Smith's only evidence that he has complied with the exhaustion requirement is the following quote from his motion:

> Mr. Smith requested compassionate release from the Warden at Forrest City FCI more than 30 days before filing this motion. The Warden has not responded and 30 days have passed since his request.

DN 513 at 2. Smith has not provided any documentary evidence for this assertion. The United States argues that Smith's assertion is insufficient and has provided an email from the BOP that

states Smith "has filed no administrative remedies." DN 515-1. While, if true, Smith's assertion does comply with the exhaustion requirement of the First Step Act, the evidence provided by the United States indicates that the BOP has not received any request for compassionate release or a reduction in sentence from him. Therefore, Smith has not complied with the statutory requirements for compassionate release. *United States v. Alam*, No. 20-1298, 2020 WL 2845694, at *2 (June 2, 2020)("For a prisoner to take his [compassionate release] claim to court, "he must 'fully exhaust[ ] all administrative rights to appeal' with the prison or wait 30 days after his first request to the prison." ")

Even if Smith had properly exhausted his administrative remedies, his motion fails to articulate an extraordinary and compelling reason for his release. Under § 3582(c)(1)(A), a court may reduce a defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The court must also consider the "[sentencing] factors set forth in section 3553(a) to the extent they are applicable." § 3582(c)(1)(A).

Congress tasked the Sentencing Commission that, "in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, [it] shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). In the Commentary to U.S.S.G. § 1B1.3,[4] the Commission described four circumstances which constitute extraordinary and compelling reasons for sentence reduction:

---

[4] "While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *E.g., United States v. Casey*, 2019 WL 1987311, at *1 (W.D. Va. 2019); *United States v. Gutierrez*, 2019 WL 1472320, at *2 (D.N.M. 2019);

**(A) Medical Condition of the Defendant.--**

**(i)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

**(ii)** The defendant is--

**(I)** suffering from a serious physical or medical condition,

**(II)** suffering from a serious functional or cognitive impairment, or

**(III)** experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(B) Age of the Defendant.--**The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

**(C) Family Circumstances.--**

**(i)** The death or incapacitation of the caregiver of the defendant's minor child or minor children.

**(ii)** The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D) Other Reasons.--**As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

The BOP promulgated Program Statement No. 5050.50 in order to implement the statutory scheme.

Smith contends that he has "high blood pressure, a heart condition, and he has sustained a previous gunshot wound which resulted in the loss of one of his kidneys," and, therefore, "[t]hese

---

*United States v. Overcash*, 2019 WL 1472104, at *2-3 (W.D.N.C. 2019). There is no reason to believe, moreover, that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the Court should consider." *United States v. McGraw*, No. 202CR00018LJMCMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019).

conditions, plus his African-American heritage, place Mr. Smith in a vulnerable group for susceptibility to serious medical complications from the Corona Virus." DN 513 at 2. Smith does not allege that any of his health conditions are terminal, thereby making him ineligible for compassionate release under U.S.S.G. § 1B1.3(A).

"A court could find that [a] defendant's medical condition, heightened by risks posed by COVID-19, 'substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility' and is one 'from which he or she is not expected to recover.'" *United States v. Bolze*, No. 3:09-CR-93-TAV-CCS-1, 2020 WL 2521273, at *7 (E.D. Tenn., May 13, 2020) (citing 1B1.13 n.1(A)(ii)). Smith's medical conditions fail to reach this threshold. Smith does not assert that he has received inadequate care for any of his conditions. Rather, he asserts that he has certain medical conditions and, considering the COVID-19 pandemic, he should be released. While Smith offers an unsupported assertion that access to medications for his medical conditions "has not been consistent in custody," Smith provides no evidence that the allegedly inconsistent access to medication has caused a deterioration in his health or worsened his medical conditions. DN 513 at 2. Further, Smith has not provided any evidence that suggests he cannot provide self-care or that he is not expected to recover from his conditions. Accordingly, the record before the Court does not suggest that Smith's medical conditions, even if possibly heightened by the risks posed by COVID-19, substantially diminish his ability to provide self-care at Forrest City Medium FCI.

Smith has failed to articulate an extraordinary and compelling reason for compassionate release. For the reasons stated above, his motion will be denied.

Additionally, even when a defendant is statutorily eligible for a sentence reduction based on extraordinary and compelling reasons, compassionate release is only appropriate after

consideration of the factors set forth in 18 U.S.C. § 3553(a) and where the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 4142(g). The United States urges that the nature and circumstances of Smith's crimes weigh against release. The Court agrees.

Smith pleaded guilty of one count of conspiracy to possess and distribute cocaine, two counts of possession with the intent to distribute cocaine, and one count of being a convicted felon in possession of a firearm. DN 305; DN 330. And, Smith is a repeat, violent, offender. Smith was convicted of assault in the first degree after he shot an individual during an argument. DN 320 at 14. He has also been convicted of multiple counts of trafficking a controlled substance in the first, second, and third degree, and a litany of other offenses that have spanned his entire adult life. *Id.* at 14–26. Indeed, Smith committed the offenses he is currently incarcerated for while on probation for prior convictions. *Id.* at 20. Further, the BOP has disciplined Smith three times while he has been incarcerated, twice for possession of drugs and/or alcohol, and once for disruptive conduct. DN 515-2. Therefore, considering the entirety of these circumstances, there appears a significant possibility, if not near certainty, that Smith may disregard conditions of release and reoffend.

Further, Smith states that he intends to "live with his fiancé, Renate Jones, and their 7-year-old child at 11705 Blair Creek Court" if he is released. DN 513-at 3. With the dangers posed by the pandemic impacting the ability of the probation officers to conduct home visits and supervision, it would be exceptionally difficult to adequately and safely monitor the defendant's compliance. The ability to monitor the defendant is clearly a proper consideration when assessing the danger posed by release of an individual, especially where (1) the defendant had prior drug offenses, (2) the defendant had prior violent offenses, and (3) the defendant committed the offenses

in this case while on parole. Considering these circumstances, compassionate release would be improper.

Motion having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, Anthony D. Smith, for compassionate release (DN 513) is **DENIED.**

**IT IS SO ORDERED.**

September 30, 2020

Charles R. Simpson III, Senior Judge
United States District Court